IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

JUSTIN DONTAE EDWARDS #1877410　§

VS.　§　CIVIL ACTION NO. 6:21cv489

DIRECTOR BOBBY LUMPKIN.　§

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRTE JUDGE

Plaintiff Justin Dontae Edwards, proceeding *pro se* and *in forma pauperis*, filed this complaint under 28 U.S.C. § 1983 complaining of alleged violations of his constitutional rights while he was an inmate in the Texas Department of Criminal Justice (TDCJ). The lawsuit was transferred to this Court for proper venue and referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. (Dkt. ##8, 10.)

Before the Court is the motion by Defendant Bobby Lumpkin for summary judgment on the basis that Plaintiff's claim is moot. (Dkt. #21.) Plaintiff has not responded to the motion in a timely fashion, and it is ripe for review. For the reasons explained below, the undersigned recommends that the motion be granted and that this lawsuit be dismissed as moot.

**I. Plaintiff's Claim**

Plaintiff alleges that TDCJ has a rule requiring male inmates' hair to be cut short on a regular basis. (Dkt. #1 at 1, 11.) He says this violates his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) because he is of Blackfoot and Cherokee descent, and his Native American religion requires him to grow his hair long as an extension of his soul. (*Id.*) He sues Defendant Lumpkin as the Director of the TDCJ and seeks "injunctive relief requiring TDCJ

to grant exemption from its male inmate hair grooming policy, so that he may grow his hair as required of Native American beliefs." (*Id.* at 4.)

Plaintiff stated in his complaint that he had "made parole," but "the process is taking too long" and that officers harassing him over his Native American beliefs were "trying to take [his] parole away." (*Id.* at 13–14.)

## II. Defendant's Motion

Defendant asserts that Plaintiff's claim for injunctive relief is moot because he was released from prison in April 2022 and is no longer a TDCJ inmate. (Dkt. #21 at 4.) Defendant attaches to his motion the affidavit of Sarah Wright, TDCJ Records Coordinator, who authenticates a TDCJ public information disclosure sheet establishing that Plaintiff was released on parole on April 18, 2022. (Dkt. #21-1 at 2–4.) Accordingly, Defendant argues that Plaintiff "no longer has a personal stake in the outcome of this instant suit because he does not have to follow TDCJ's hair grooming policy." (Dkt. #21 at 4.) He seeks dismissal of Plaintiff's suit as moot on that basis.

Defendant filed his motion on May 16, 2022. Since his release from prison, Plaintiff has not responded to the motion, notified the Court of his new address, or taken any other steps to prosecute this case. Defendant's motion is thus ripe for ruling.

## III. Legal Standards

A motion for summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The Supreme Court has interpreted the plain language of Rule 56 as mandating "the entry of summary judgment, after adequate time for discovery and upon motion, against a

party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323–25). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the movant meets this burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585 (1986); *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

When ruling on a motion for summary judgment, the Court is required to view all justifiable inferences drawn from the factual record in the light most favorable to the nonmoving party.

*Matsushita*, 475 U.S. at 587; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *Merritt-Campbell, Inc.*, 164 F.3d at 961. However, the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as modified*, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a reasonable jury to return a verdict in the opposing party's favor, there is no genuine issue for trial, and summary judgment must be granted. *Celotex*, 477 U.S. at 322–23; *Anderson*, 477 U.S. at 249–51; *Texas Instruments*, 100 F.3d at 1179.

## IV. Discussion and Analysis

Plaintiff's lawsuit seeks injunctive relief in the form of an exemption from the TDCJ grooming policy that would otherwise require him to cut his hair. (Dkt. #1 at 4.) Defendant has established that Plaintiff is no longer a TDCJ inmate subject to that policy. The Fifth Circuit has held that an inmate's transfer to another unit renders his claims for declaratory and injunctive relief in prison moot, unless he can show a reasonable likelihood that he will be transferred back to the facility and again subjected to the allegedly unconstitutional actions. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *see also Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991). Plaintiff's claim for injunctive relief is likewise mooted by his release from TDCJ entirely. *See Hinton v. Morris*, No. 4:17CV132-NBB-DAS, 2018 WL 1996472, at *1 (N.D. Miss. Apr. 27, 2018) ("[T]he plaintiff's release from custody rendered his claims for declaratory and injunctive relief moot.").

Plaintiff has not responded to Defendant's motion, and there is nothing in the record to suggest that his return to TDCJ is likely, or that the "capable of repetition yet evading review" exception to the mootness doctrine otherwise applies. In order for this exception to apply, the litigant must show that the challenged action is too short in duration to be fully litigated and that

there is a reasonable expectation that the aggrieved party will again be subject to the challenged action. *Spencer v. Kenma*, 523 U.S. 1, 7 (1998). A mere physical or theoretical possibility that an alleged action will recur is not enough to meet the second prong; rather, the litigant must show a reasonable expectation or demonstrated probability that the same controversy will recur. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Any return by Plaintiff to prison—and to application of the same grooming policy at issue in his complaint—is "too speculative to warrant relief." *Herman*, 238 F.3d at 665. Because Plaintiff's claim for injunctive relief was rendered moot by his release, and this claim comprises the entirety of his complaint, this lawsuit should be dismissed as moot.

**V. Conclusion**

A review of summary judgment evidence in this case, viewed in the light most favorable to Plaintiff, shows that the evidence before the Court could not lead to a different conclusion. In other words, judgment for Defendant is appropriate on the basis that Plaintiff's claim is moot.

Although Defendant seeks dismissal with prejudice (Dkt. #21-2), dismissals for mootness must be entered without prejudice. *McBride v. Lumpkin*, No. 19-51160, 2022 WL 1800842, at *2 (5th Cir. June 2, 2022) ("Once the district court found that the first petition was moot, it lacked jurisdiction to consider it further. Thus, when it determined that the petition was moot, it should have dismissed the petition without prejudice—because to dismiss with prejudice is to make a determination on the merits.")

RECOMMENDATION

Accordingly, the undersigned recommends that Defendants' motion for summary judgment (Dkt. #21) be **GRANTED.** Plaintiff's lawsuit should be dismissed without prejudice as moot.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 10th day of January, 2023.

K. Nicole Mitchell
_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE